## THOMAS, DROHAN, WAXMAN, PETIGROW & MAYLE, LLP

ATTORNEYS AND COUNSELLORS AT LAW
2517 ROUTE 52
HOPEWELL JUNCTION, NEW YORK 12533

JAMES P. DROHAN
DANIEL PETIGROW
STUART S. WAXMAN*
NEELANJAN CHOUDHURY
DAVID H. STRONG**
MELISSA N. KNAPP**
STEVEN L. BANKS
ALLISON E. SMITH

PAMELA D. BASS**
CONOR C. HORAN
NICHOLAS A. SMARRA**
GREGORY R. PICCIANO
CASSIDY E. ALLISON

*ADMITTED IN NEW YORK AND NEW JERSEY
**ADMITTED IN NEW YORK AND CONNECTICUT

*OF COUNSEL*
D'ANDREA & GOLDSTEIN
JOAN M. GILBRIDE

Telephone: (845) 592-7000
Fax: (845) 592-7020

www.tdwpm.com

April 15, 2022

**BY ECF**

Honorable Thérèse Wiley Dancks
United States Magistrate Judge
United States Courthouse
P.O. Box 7346
Syracuse, New York 13261

      Re:    <u>Little v. Soulia</u>, Docket No. 9:19-CV-263 (TJM/TWD)

Your Honor:

      On January 27, 2022, I was appointed as <u>pro bono</u> counsel for plaintiff Charles Little in the above-referenced action. Plaintiff asserts claims against several corrections officers for excessive force and retaliation while he was in the custody of the New York State Department of Corrections and Community Supervision (NYSDOCCS). Defendants contend that some of plaintiff's claims are unexhausted and an exhaustion hearing is scheduled for June 16, 2022 (ECF No. 89). I write to request leave to conduct limited discovery related to defendants' exhaustion defense.

      Plaintiff alleges that, while he remained in keeplock status on May 29, 2017, he drafted an inmate grievance complaining of defendants' assault on May 25, 2017, and handed a copy of the grievance to "C.O. J. Steward" to be mailed to the Inmate Grievance Resolution Committee at Clinton Correctional Facility. Plaintiff further alleges that, at the same time, he handed C.O. Steward an envelope with a copy of the grievance to be mailed to an attorney who was handling his criminal appeal.

      Based on these allegations, I seek to have defendants disclose: (1) records evidencing mail sent by Charles Little in May and June 2017, including records of postage charged either to plaintiff's inmate account or to any allotment for legal mail; and (2) copies of any policies at

Honorable Thérèse Wiley Dancks                                                                             Page 2
United States Magistrate Judge
April 15, 2022

Clinton Correctional Facility in 2017 concerning the filing of inmate grievances and the handling of legal mail while the inmate is keeplocked. Additionally, I seek an opportunity to depose C.O. Steward. To minimize the cost and inconvenience of the deposition to counsel and to the witness, I ask that I be allowed to conduct the deposition virtually.

      Before making this application, I conferred with defendants' attorney and he informed me that defendants oppose the reopening of discovery. Notwithstanding defendants' opposition, because I seek only limited discovery directly related to the issue of plaintiff's exhaustion of the inmate grievance process, and because plaintiff was proceeding pro se and was incarcerated during the discovery period, I submit this request serves the interests of justice and should be granted.

      Accordingly, for these reasons, plaintiff respectfully requests leave to conduct the limited discovery described above.

                                                       Respectfully,

                                                       s/Steven L. Banks

                                                       Steven L. Banks (Bar No. 509512)

cc: Counsel of Record (by ECF)