UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES LITTLE
a/k/a CLIFTON LITTLE,

                              *Plaintiff,*

            -against-

TREVAR A. SOULIA, et al.,

                              *Defendants*

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(a)**

No. 9:19-CV-263
(TJM/TWD)

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for Plaintiff Charles Little, also known as Clifton Little, ("Plaintiff"), and Defendants, Trevar A. Soulia, Eric S. Taft, Kellen Denny, J. Deyo, Matthew French, and Bryan D. Mason (collectively, "Defendants"), parties to the above-entitled action ("Action"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of this Action, the Action be and the same hereby is settled on the particular circumstances of this Action, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this Action or any other parties:

      1.    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff discontinues this Action with prejudice, and without payment for damages, costs, interest, or attorney's fees in excess of the amount specified below in Paragraph 4 of this agreement (hereinafter referred to as the "Stipulation"), under the conditions described in Paragraph 5 of this Stipulation, as against all Defendants. Plaintiff forever discharges and releases all Defendants, and

1

the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this Action.

2. That nothing contained herein shall constitute an admission by Defendants, Trevar A. Soulia, Eric S. Taft, Kellen Denny, J. Deyo, Matthew French, and Bryan D. Mason, individually or in their official capacity, that Defendants deprived Plaintiff of any right, or of failing to perform any duty under the Constitutions, Statutes, Rules, Regulations or other laws of the United States or the State of New York.

3. The parties agree that no provision of this Stipulation shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in this Action. The settlement of this Action is limited to the circumstances in this Action alone and shall not be given effect beyond the specific provisions stipulated to. This Stipulation does not form and shall not be claimed as any precedent for, or an agreement by the parties to, any generally applicable policy or procedure in the future.

4. Following the execution of this Stipulation, and it being so ordered by the Court:

   a. Defendants shall pay to Plaintiff the sum of One Thousand Dollars ($1,000.00) in full settlement of any and all claims asserted in this Action. The above amount shall constitute all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees.

2

  b. The foregoing payment shall be made by a check issued to "Clifton Little" and mailed to Clifton Little, 123-60 83rd Avenue, Apt. 8G, Kew Gardens, New York 11415.

 5. In consideration of the payment of the sum set forth in paragraph 4, the Plaintiff on behalf of himself, heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), releases and forever discharges the State of New York, DOCCS, and Defendants, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, from the beginning of the world to the date of this Stipulation including, without limitation all claims related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint and all related filings and proceedings in <u>Little v. Soulia, et al.</u> (19-CV-263).

 6. Payment of the amount specified in Paragraph 4 of this Stipulation is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law. Plaintiff agrees to timely execute and deliver all necessary and appropriate vouchers and other documentation requested

3

with respect to obtaining such approval effectuating payment. Such documentation will be mailed to Plaintiff Clifton Little at 123-60 83rd Avenue, Apt. 8G, Kew Gardens, New York 11415, by agents of the Defendants responsible for the administrative processing of the settlement paperwork.

7. Payment of the amount referenced in Paragraph 4 of this Stipulation will be made no later than one hundred and twenty (120) days after the approval of this Stipulation by the Court, receipt by Defendants' counsel of a copy of the so-ordered Stipulation, and receipt by Defendants' counsel of all necessary documents referenced in Paragraph 4 of this Stipulation. However, if the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. In the event that the terms of Paragraph 6 of this Stipulation are satisfied, but payment is not made within the 120-day period set forth in Paragraph 7 of this Stipulation, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval, or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

9. If the approvals referred to in Paragraph 6 of this Stipulation are not obtained, this Stipulation shall be null and void and this action shall then be placed back on the active docket without prejudice.

10. That each party shall bear its own costs and fees relating to this proceeding and the costs and fees shall be waived by the parties against each other.

4

11. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next thirty (30) months.

12. Any existing or applicable liens shall be the sole responsibility of the Plaintiff.

13. The foregoing constitutes the entire agreement of the parties.

14. Notwithstanding anything to the contrary herein contained, it is understood and agreed that this Stipulation is strictly restricted in its applicability to Case and File Number 9:19-cv-263 (N.D.N.Y.) (TJM/TWD), concerning an incident or incidents which allegedly took place in May of 2017, at Clinton Correctional Facility, between the Plaintiff and the Defendants herein and nothing else.

15. That this Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in another action or proceeding as evidence or for any other purpose except to enforce the provisions of this Stipulation of Settlement and Discontinuance.

Dated: June 16, 2023
New York, New York

By: _____
Clifton Little
*Plaintiff*

Dated: June 16, 2023
Hopewell Junction, New York

By: _____
Steven L. Banks
Thomas, Drohan, Waxman, Petigrow &

5

Mayle LLP
*Attorneys for Plaintiff*
2517 Route 52
Hopewell Junction, NY 12533
845-592-7000

Dated: June 21, 2023
       Albany, New York

By: *s/Rachael S. Ouimet*
Rachael S. Ouimet
Office of Attorney General
State of New York
*Attorney for Defendants*
The Capitol
Albany, NY 12224
518-776-2599

Dated: Binghamton, New York
       June 22, 2023

    SO ORDERED:

_____
HON. THOMAS J. McAVOY
SENIOR UNITED STATES DISTRICT JUDGE

6